IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**LATOYA HARRIS**                                                                                    **PLAINTIFF**

**v.**                                          **CIVIL ACTION NO. 3:20-CV-00043-GHD-JMV**

**MEDICAL FINANCIAL SERVICES, INC.**                                       **DEFENDANT**

**OPINION GRANTING IN THE ALTERNATIVE DEFENDANT'S MOTION TO DISMISS FOR PLAINTIFF'S FAILURE TO PROSECUTE**

Presently before the Court is the Defendant's Motion to Dismiss for Plaintiff's Failure to Prosecute, citing the Plaintiff's failure to prosecute and apparent abandonment of the suit [34]. Upon due consideration, for the reasons set forth herein, the Court hereby grants in the alternative the Defendant's motion.

**I.**     **Factual Background and Procedural History**

The Plaintiff is a resident of Olive Branch, Mississippi [1, at ¶ 4]. The Defendant is a Tennessee corporation that conducts business in the state of Mississippi [*Id.*, at ¶ 5]. The Plaintiff alleges that the Defendant is attempting to collect a consumer debt allegedly owed by the Plaintiff to an entity known as BMH Women [*Id.*, at ¶ 6]. The alleged debt amounts to $698.00 [*Id.*]. On or about August 6, 2019, the Plaintiff sent a letter to the Defendant disputing the alleged debt [*Id.*, at ¶ 9]. On October 8, 2019, the Plaintiff obtained her Equifax and Trans Union credit disclosures, which allegedly showed that the Defendant failed to flag the account connected to the alleged debt as disputed [*Id.*, at ¶ 10]. The Plaintiff alleges that this represents a violation of the Fair Debt Collection Practice Act ("FDCPA") [*Id.*], specifically 15 U.S.C. §1692e(8) [*Id.*, at ¶ 19]. On February 6, 2020, the Plaintiff filed her Complaint alleging this violation and seeking actual damages, statutory damages, statutory costs, and attorneys' fees [*Id.*, at 4–5]. Following two Clerk's Notices of Past Due Answer [5, 7], the Plaintiff filed a Motion

1

for Entry of Default on May 5, 2020 [8]. The Defendant filed a Motion for Extension of Time to File an Answer on May 12, 2020 [11], and the Court granted this motion on May 13, 2020 in a text-only order. The Defendant filed its Answer on June 1, 2020 [12]. On November 6, 2020, the Court issued an Order to Show Cause ordering that the Plaintiff's attorney, Mr. Jacob Burns, should show cause as to why he did not appear at the telephonic conference or contact the court to request a continuance [30]. Attorney Burns filed his Response to the Order to Show Cause on November 10, 2020 [31]. In it, he stated that he was absent from the telephonic conference because he was unaware of the conference and the Order; this ignorance was because, due to a "family emergency," Attorney Burns was in a mountainous area of the US where no communication was possible [31]. Attorney Burns stated in his Response to the Order that he would "rectify all deficiencies in his Case against Medical Financial Services such that this Court does not require any further orders chastising Counsel's performance" [31]. Attorney Burns has failed to live up to this promise. This was the last time that the Court has heard from Attorney Burns.

On December 3, 2020, the Defendant filed its Motion to Dismiss for Plaintiff's Failure to Prosecute seeking the dismissal of the Plaintiff's Complaint or, in the alternative, the imposition of sanctions or other relief, in light of the Plaintiff's failure to prosecute [34]. Specifically, the Defendant's request in the alternative includes: the suspension of all deadlines and dates in the Case Management Order; notice sent specifically and directly to the individual Plaintiff regarding the apparent failure to prosecute, in which the Plaintiff is afforded time to resolve the issues and find appropriate counsel; and the award of monetary sanctions against Attorney Burns [35, at 10]. In the corresponding Memorandum Brief in Support of the Defendant's Motion to Dismiss, the Defendant cites a number of dilatory efforts on the part of Attorney Burns: his

failure to provide the Defendant with his client's Initial Pre-Discovery Disclosures; his dilatory actions spanning months; his failure to respond to the Defendant's request for production of subpoenaed documents; and his failure to communicate in a timely manner, if at all, to the Defendant [35].

On December 7, 2020, a second attorney for the Plaintiff, Ms. Lajuanda S. Williams-Griffin, entered a Notice of Attorney Appearance [36]. On December 16, 2020, the Plaintiff then filed her Response to the Defendant's Motion to Dismiss for Plaintiff's Failure to Prosecute, which was drafted by Attorney Williams-Griffin [37]. In her Response, the Plaintiff states that Attorney Burns was fired [38, at 1], but any evidence of this was not presented to the Court and there has been no formal withdrawal of Attorney Burns from this case. The Plaintiff further states that Attorney Burns failed to respond to the Plaintiff's telephone calls and emails prior to Attorney Burns' Response to the Order to Show Cause, and then disappeared again after filing this document [38, at 2]. This shows the Plaintiff's awareness of Attorney Burns' subpar performance and his inaction in this case. In her Response, the Plaintiff states that her new counsel, Attorney Williams-Griffin, would expedite the production of initial disclosures and work with the Defendant's counsel and the Court to obtain a timely disposition of the case *sub judice* [38, at 4]. In spite of this statement, Attorney Williams-Griffin then filed a Motion to Withdraw as Attorney of Record on February 17, 2021, citing a conflict of interest with an organization called Credit Repair Lawyers of America [39]. Attorney Williams-Griffin stated that she was an independent contractor for the Credit Repair Lawyers of America but is no longer, and that because she is no longer associated with this organization, a conflict exists [39]. This was the first mention of the Credit Repair Lawyers of America in the case *sub judice*. The Defendant had no objection to the Court's granting of the Motion to Withdraw [40]. The Court

granted this Motion to Withdraw on March 9, 2021, given the Defendant's lack of objections and the fact that the Plaintiff was still represented, at least officially, by Attorney Burns, who never withdrew from this proceeding [45]. On February 28, 2021, the Defendant filed a Supplemental Memorandum Brief in Support of its Pending Motion to Dismiss, in which the Defendant stated that despite several attempts to contact Attorney Williams-Griffin, "no substantive contact or action to remedy the prior issues set forth in the Defendant's pending Motion occurred" [41, at 1]. The Defendant noted that the case "remains in the same position as set forth in its above-referenced Motion to Dismiss – now to be inhibited further by the withdrawal" [41, at 2]. The Defendant also brought to the Court's attention that the case *sub judice*—as well as a similar case involving the Defendant that is currently pending in this District, *Tucker v. Medical Financial Services, Inc,* 3-20cv-035-MPM-JMV—appear to be connected to an alleged pattern of questionable conduct undertaken by Michigan attorney Gary K. Nitzkin, doing business as the Credit Repair Lawyers of America, as referenced by Attorney Williams-Griffin in her Motion to Withdraw [41, at 2]. The Defendant similarly brought to the Court's attention a similar case in Southern District of Mississippi involving both Attorney Burns, Attorney Williams-Griffin, and the Credit Repair Lawyers of America, namely *Collier v. Head Mercantile Co. Inc.*, 1:20-CV-063-TBM-JCG [41, at 2-3].

On March 8, 2021, the Court issued an Order to Show Cause as to why Attorney Burns, now the only attorney on record for the Plaintiff, failed to appear at the telephonic conference with the Court on March 3, 2021, or contact the court to request a continuance [44]. Attorney Burns failed to respond to this second Order to Show Cause. The Defendant's Motion to Dismiss [34] is now fully briefed and ready for review.

4

## II. Legal Standards

Federal Rule of Civil Procedure 41(b) states that if a plaintiff fails to prosecute or comply with the Federal Rules of Civil Procedure or a court order, then the defendant may move to dismiss the action. Fed. R. Civ. P. 41(b). This rule "allows the district court to dismiss an action upon the motion of the defendant, or upon its own motion, for failure to prosecute." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992). That said, a dismissal with prejudice is "an extreme sanction that deprives the litigant of the opportunity to pursue his claim," *Id.* at 1191, and is "reserved for the most egregious of cases." *Rogers v. Kroger*, 669 F.2d 317, 320 (5th Cir. 1982). As such, the Court of Appeals for the Fifth Circuit will only affirm dismissals with prejudice for failure to prosecute when there is a clear record of delay or "contumacious conduct by the plaintiff," and when the district court has expressly determined that lesser sanctions would not result in diligent prosecution or when lesser sanctions had already failed to do so. *Id.* In most cases when the Court of Appeals for the Fifth Circuit has affirmed dismissal with prejudice, there has been at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id.* (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1896)).

## III. Analysis and Conclusion

The Court is troubled by the dilatory consequences of the Plaintiff's counsels in this case. Furthermore, the pending cases referenced by the Defendant, *Collier v. Head Mercantile Co.* and *Tucker v. Medical Financial Services, Inc.*, suggest a pattern of suspicious behavior. That said, the standard for granting a motion to dismiss for failure to prosecute is indeed a high bar, as noted above. While the Plaintiff's Response to the Motion to Dismiss indicates her awareness of Attorney Burns' failures, it is nevertheless unclear to what extent the Plaintiff is aware of the

delays and dilatory consequences resulting from both of her attorneys' subpar performances and failures to communicate effectively with opposing counsel and/or the Court. The Court is of the opinion that the Plaintiff should speak for herself before the Court regarding the delays in this case and the Plaintiff's efforts to find appropriate counsel and jumpstart this proceeding. Should the Plaintiff fail to do so, the Court may find itself with no other option but to dismiss this case entirely. That said, alternative options remain available at this juncture.

Thus, the Defendant's Motion to Dismiss for Plaintiff's Failure to Prosecute [34] is GRANTED IN THE ALTERNATIVE. The Court orders that a final Order to Show Cause shall be sent directly to the Plaintiff ordering her to correspond to the Court in writing with an update as to her position concerning this case. Likewise, all deadlines and dates in this case are suspended, and the Defendant is awarded monetary sanctions against Attorney Burns for the fees and costs of the defense thus far, with the amount to be subsequently ascertained.

An order in accordance with this opinion shall issue this day.

THIS, the 25th day of May, 2021.

_____
SENIOR U.S. DISTRICT JUDGE